## JURISDICTION OF PRESIDENT PRO TEM OF COUNCIL ACTING AS MAYOR.

[Circuit Court of Belmont County.]

THE STATE OF OHIO v. WILLIAM T. HANCE.

Decided, June Term, 1904.

*Criminal Law—Procedure under Beal Law Prosecution—Mayor Accused of Bias—President Pro Tem of Council Assigned to Try the Case—Held to Have Had no Jurisdiction.*

1. The president pro tem of a village council as acting mayor, under Section 1536-854 of the Revised Statutes, has no jurisdiction to hear and determine a misdemeanor.
2. The circuit court has no jurisdiction to hear a petition in error filed by the state in a criminal case to reverse the judgment of the court of common pleas, discharging the accused.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

Error to the Court of Common Pleas of Belmont County.

An affidavit was filed before the mayor of the village of Barnesville charging the defendant in error, William T. Hance, with unlawfully furnishing intoxicating liquors to a party named in the affidavit within the village of Barnesville, where such furnishing was prohibited under the provisions of the statutes known as the Beal Act. When the accused was arraigned, he objected to being tried before the mayor, for the reason that the mayor was biased and prejudiced; that he had been an eye-witness to the transaction, upon which the state relied for conviction, and had expressed an opinion from such personal observation of the transaction that the accused was guilty. Thereupon the mayor, considering himself disqualified, transferred all the papers in the case to the president pro tem of the council of the village, with instructions to hear and determine the case. When the case came on for trial before the president pro tem of the council, the accused objected in due form to his proceeding in the case, for the reason that he had no jurisdction in the matter. This objection was overruled, to which the accused excepted; and in order to save the expense of a trial, he entered a plea of guilty, and was

fined seventy-five dollars and costs. The accused then filed a petition in error in the court of comon pleas to reverse the judgment, assigning as cause for such reversal that the president pro tem of the council had no jurisdiction of the case. The court of common pleas, on this ground, reversed the judgment and discharged the accused. The state now prosecutes error in this court to reverse the judgment of the common pleas court.

The sole question is: Had the president pro tem of the council jurisdiction to hear and determine the case upon a plea of guilty? It is claimed he had; and, in support of this claim, Section 1536-854 of the revised statutes is invoked. That section, after providing for the election, term, qualifications and duties of the mayor, in the second paragraph provides as follows:

"When the mayor is absent from the village, or is unable from any cause to perform his duties, the president pro tem of council shall be acting mayor. In case of the death, resignation or removal of the mayor, the president pro tem of council shall become the mayor and serve for the unexpired term, and until the sucessor is elected and qualified; and the vacancy thus created in council shall be filled as other vacancies therein, and council shall elect another president pro tem from their own number, who shall have the same rights, powers and duties as his predecessor."

Does this provision of the statute clothe the president pro tem of council with authority to hear and determine a case of this character? The affidavit charges a misdemeanor, and Section 1536-876 provides that the mayor of an incorporated village shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the Constitution, entitled to a trial by jury; and his jurisdiction in such cases shall be co-extensive with the county. This was a prosecution in which the accused was not, under the Constitution, entitled to demand a trial by jury; therefore, the mayor would have final jurisdiction; and it is insisted that the president pro tem of the council, as acting mayor, would have the same jurisdiction as the mayor.

It will be observed that Section 1536-854 is found in chapter 2, which provides for the executive powers and duties of the officers of the village; and the first part of the section sets forth such duties of the mayor as are primarily ministerial. Chapter 3 provides for the judicial powers of the mayor and police courts; and in that chapter we find no provision that the president of council, as acting mayor, shall possess any judicial powers whatever. Mayors and justices of the peace are elected by the people, for the purpose of exercising judicial functions to a certain extent. Presidents pro tem of councils are not elected by the people, but appointed by council to perform certain specified duties. The judicial powers of justices of the peace to hear and determine criminal prosecutions, with jurisdiction co-extensive with the county, is a high prerogative; and we do not think a member of council, who was not elected with any expectation that he would perform such important judicial functions, should be held to be clothed with such power, unless the statute expressly so provides; and that all that was intended by the provision was that, in the absence of the mayor from the village, or his inability for any cause to perform his duties, the president pro tem of council should then be acting mayor and discharge the ministerial duties of that office.

In Sections 1536-773a, it is provided that "in cities having no police judge, in the absence, or during the disability of the mayor, he may designate a justice of the peace to perform his duties in criminal maters, which justice shall, during the time, have the same power and authority as the mayor." We are not prepared to say, as claimed by counsel, that this provision applies to villages. This provision, however, should have some effect in construing the section under consideration. The president pro tem of council of cities has the same powers as in villages when the mayor is disqualified from acting. The provisions as to cities and villages are very similar (Section 1536-664). Why, then should the mayor of a city be required to call in a justice of the peace, in a city having no police judge, to perform his duties in criminal cases? The president pro tem of council could perform the duties as well in cities as in villages, but in cities he is deprived of that power. From

these considerations we are persuaded that the president pro tem of a council of a village has not jurisdiction to hear and determine a prosecution for a misdemeanor.

This view is strengthened by the decision in case of *Logan Branch Bank, Ex parte,* 1 O. S., 432. On page 434, Corwin, Judge, says:

"It is not within the competency of the Legislature to clothe with judicial power any officer or person not elected as a judge."

We are not unmindful of the fact that police judges may be appointed by council, and justices of the peace may be appointed by the trustees of the township to fill out unexpired terms, but they are appointed for the express purpose of exercising judicial powers, and by express authority of the General Assembly.

We have said this much for the reason that this was the only question made in the case. However, this was entirely unnecessary, as this court has no jurisdiction in this proceeding in error. The action of the court of common pleas was a complete and final determination of the case in favor of the accused. It held, as we have said, that the president of council, as acting mayor, had no jurisdiction, and discharged the accused. That ended the case. Error can not be prosecuted by the state from a judgment of the court having jurisdiction of a criminal case where the accused is discharged, in the absence of statutory authority for such proceeding. *State* v. *Simmons,* 49 O. S., 305; *State* v. *Bour,* 10 C. C. R., 58.

There is no warrant in the statutes for such prosecution of error by the state, and the petition in error will therefore be dismissed for want of jurisdiction in this court, at the costs of plaintiff in error.

*Smith & Howard,* for plaintiff in error.

*E. T. Petty,* for defendant in error.